IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH RAY JONES, § | |
| HC SPN 00155266, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-07-1823 |
| § | |
| JOHN CLARK, *et al.*, § | |
| Defendants. § | |

OPINION ON DISMISSAL

Plaintiff Kenneth Ray Jones, a county jail detainee awaiting trial in the 208th Criminal District Court of Harris County, Texas on charges of aggravated assault with a deadly weapon and injury to elderly,[1] filed a complaint alleging violations of his civil rights under 42 U.S.C. §1983 against his trial counsel, Attorney John Clark. Because plaintiff's complaint fails to state a cause of action under § 1983, the Court will dismiss the complaint as frivolous.

Claims

Plaintiff claims that on January 10, 2007, while waiting in the state district court hold-over tank, he asked Attorney Clark several times about the time. Clark cursed him and told him to sit down. As a court bailiff passed by, Clark told plaintiff to ask the bailiff about the time. The bailiff threatened to hurt plaintiff if he did not stop bothering people and told him not to worry about the time. The bailiff started to fumble with his keys and ordered plaintiff to go to the door. Plaintiff complied and the bailiff ordered him to step outside. The door slammed shut and the bailiff moved toward plaintiff. The bailiff's right arm came toward plaintiff's face. Plaintiff closed his eyes. When he opened his eyes, he saw the bailiff with his right hand on the handle of his weapon. Plaintiff does not indicate that the bailiff struck him or drew his weapon.

---

[1] *See* www.jims.hctx.net/so_public/wg1171_results1.htx

Plaintiff further complains that Attorney Clark's attitude and treatment of plaintiff's case "borders on profiteering." He complains that Clark has not offered any legal advice or a defense. Plaintiff's trial is set for June 21, 2007, and he worries that he will be convicted even if he is innocent.

Plaintiff seeks compensatory relief for his mental duress, physical deprivation, and financial instability. (Docket Entry No.1).

## Standard of Review

Plaintiff has attached to his motion a Resident History Report, which shows that he has no money in his inmate trust fund account (*id.*) and an application to proceed in forma pauperis. (Docket Entry No.2). Based on the Report, the Court grants plaintiff's request for pauper status.

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Prisoner Litigation Reform Act ("PLRA") requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory,

such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## 42 U.S.C. § 1983

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir. 1988). Private attorneys may, however, be liable under 42 U.S.C. § 1983 if they conspire with governmental officials. *Id.*

To the extent that plaintiff complains about Attorney Clark's representation, Clark is not a state actor and not subject to suit under § 1983. To the extent that plaintiff complains that Clark and the bailiff conspired to threaten him with harm, he is also not entitled to relief. The mere use of threatening or abusive language by custodial officers does not give rise to a claim under § 1983. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Plaintiff's endurance of unfriendly and threatening comments by his trial counsel and the bailiff do not rise to the level of a constitutional violation. Furthermore, plaintiff has not alleged that he suffered a physical injury from the alleged

incident. *See* 42 U.S.C. § 1997e(e).

Because plaintiff is not entitled to relief under § 1983, the Court will dismiss this complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the Court ORDERS the following:

1. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED.

2. The officer in charge of the Harris County Jail Inmate Trust Fund Account will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

3. Plaintiff's complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk will send a copy of this order to the parties and a copy by facsimile transmission, regular mail, or e-mail to the Harris County Jail Inmate Trust Fund, Attn: Sgt. M.E. McKinney, 1200 Baker Street, Houston, Texas 77002; phone 713-755-8436; fax 713-755-4546; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three Strikes List.

Signed at Houston, Texas, on this 14th day of June, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE